UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV-23020

ANA CLAUDIA DONATA DE OLIVEIRA,

    Plaintiff,

vs.

ELIZABETH WAGNER,

    Defendant.
_____/

## **COMPLAINT FOR FLSA OVERTIME WAGE VIOLATION(S)**

Plaintiff, Ana Claudia Donata de Oliveira, sues Defendant, Elizabeth Wagner, based on the following good cause:

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, Ana Claudia Donata de Oliveira**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2. Plaintiff was an hourly employee of Defendant, as the term "employee" is defined by 29 U.S.C. §203(e).

3. Plaintiff was a non-exempt employee of Defendant.

4. Plaintiff consents to participate in this lawsuit.

5. **Defendant, Elizabeth Wagner,** was Plaintiff's employer. She had supervisory authority over Plaintiff, and was partially, ultimately, and/or totally responsible for paying Plaintiff's wages.

6. Defendant was were Plaintiff's direct employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

7. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendant transacts business in this District, because Defendant maintained a residence in this District, because Plaintiff worked and was due to be paid in Miami-Dade County, and because most if not all of the operational decisions were made in this District.

8. This Court has original jurisdiction over Plaintiff's federal question claim pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq*.

### *Facts*

9. Plaintiff started working for Defendant's family in 2013 as a cleaning person until she left in 2016.

10. Plaintiff returned to work for Defendant's family in 2018 until she ceased working for the family and worked for Plaintiff's company, Shannon Realty Partners, from on or about April 19, 2021 until .

11. During this last period of time working for Defendant, Plaintiff worked as a caregiver for Klaus Peter Wagner, since deceased, and for Yvonne Wagner, who deceased in March 2021.

12. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are believed to be in the custody of Defendant.

13. Plaintiff is a Home Health Aide who worked for Defendant as a "domestic service employee" as the term is defined at 29 C.F.R. §552.3.

14. Plaintiff's work in domestic service for Defendant entitles her to individual coverage under the FLSA pursuant to 29 C.F.R. §552.99 and 29 U.S.C. §203(l).

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

15.     Defendant signed and provided Plaintiff with a letter on April 9, 2020 for use during the lock-down indicating that she was "an essential employee at the Wagner residence as a private duty nurse caring for an Alzheimer's patient".

16.     Plaintiff would spend more than 25% of her time cleaning the household, coordinating and overseeing people working in and about the residence, receiving packages, ordering and coordinating the ordering of supplies, performing returns of goods, buying food, and performing other tasks for Defendant's and late parents that were unrelated to companionship services.

17.     In addition, Plaintiff also spent time performing services for Defendant that were unrelated to the care she provided to Defendant's late parents.

18.     Plaintiff received an hourly rate of pay that increased from $22/hour in 2018 to $29/hour in 2021.

19.     Plaintiff regularly and routinely worked more than 40 hours in a workweek for Defendant.

20.     Defendant failed and refused to pay Plaintiff overtime wages calculated at time and one-half of her regular hourly rate(s) of pay for all of the hours that she worked beyond 40 hours in a given workweek.

21.     Defendant willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times her regular rate of pay for each of the overtime hours she worked during the three years prior to the filing of the Complaint.

22.     Defendant either recklessly failed to investigate whether her failure to pay Plaintiff an overtime wage for the hours Plaintiff worked during the relevant time period violated the Federal Wage Laws of the United States, Defendant intentionally misled Plaintiff to believe that

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

Defendant was not required to pay an overtime rate of at least the applicable Florida minimum wage, Defendant failed to post the required notice(s) regarding minimum wage and overtime pay, and/or Defendant concocted a scheme pursuant to which she deprived Plaintiff the overtime pay earned.

23. Plaintiff is entitled to a backpay award of overtime wages for all overtime hours she worked during the three years prior to the filing of the initial Complaint, plus an equal amount as a penalty, plus all attorneys' fees and costs.

24. Any/all condition(s) precedent to filing this lawsuit occurred and/or were satisfied by Plaintiff.

25. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

WHEREFORE Plaintiff, Ana Claudia Donata de Oliveira, demands the entry of a judgment in her favor and against Defendant, Elizabeth Wagner, after trial by jury, and as follows:

a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

4

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146
tel 305.230.4884   fax 305.230.4844
www.fairlawattorney.com

  e. That Defendant be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

  f. That the Court declare Defendant to be in willful violation of the overtime provisions of the FLSA; and

  g. That Plaintiff receive such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Ana Claudia Donata de Oliveira, demands a trial by jury of all issues so triable.

Respectfully submitted this 19th day of August 2021,

        Brian H. Pollock, Esq.
        Brian H. Pollock, Esq. (174742)
        brian@fairlawattorney.com
        FAIRLAW FIRM
        135 San Lorenzo Avenue
        Suite 770
        Coral Gables, FL 33146
        Tel: 305.230.4884
        *Counsel for Plaintiff*